Jin Hui CHEN, Petitioner,

v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

No. 04–0992–AG.

United States Court of Appeals, Second Circuit.

Jan. 27, 2006.

Theodore N. Cox, Jan Potemkin, New York, New York, for Petitioner,

Michael J. Sullivan, United States Attorney; Rayford A. Farquhar, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Hui Chen, through counsel, petitions for review of the BIA order denying her motion to reopen the BIA's decision affirming the immigration judge's ("IJ") decision denying her application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision under an abuse of discretion standard. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). When considering motions to reopen, the BIA has an obligation to consider the "record as a whole," and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Id.* at 97.

The BIA did not abuse its discretion in denying Chen's motion because it could not conclude based upon "the evidence in the record" that Chen had a well-founded fear of sterilization due to the birth of her children in the United States, given that she had not violated the family planning policy while in China, and there was otherwise no "background documentation to support her argument that she [would] be forced to undergo sterilization" if returned to China, based on her present circumstances.

Although the BIA erred in concluding there was "insufficient documentary evidence of record" to convince it that there was *"any* likelihood" that Chen would be sterilized by the Chinese authorities for the two births, under *Jian Xing Huang v. INS*, 421 F.3d 125, 128–29 (2d Cir.2005), this fear was "speculative at best." Thus, notwithstanding the BIA's error, this case is denied, because in light of *Huang*, there is "no realistic possibility of a different result on remand." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).